**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| CYNOSURE LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES of AMERICA,<br><br>*Defendants.* | No.: 26-03879 |

**COMPLAINT**

In this Complaint, Cynosure LLC, ("Plaintiff"), by and through its attorneys, alleges:

1. Plaintiff is an importer, as defined in 19 C.F.R. § 101.1, and Plaintiff challenges the assessment of certain duties upon its imported merchandise.

2. Beginning in February 2025, through a series of executive orders, the President invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose tariffs ("IEEPA duties") on goods imported from almost every foreign country, including countries from which Plaintiff sources its imports.

3. Plaintiff is the importer of record of merchandise subject to IEEPA duties and was responsible for paying IEEPA duties on its imported goods.

4. On February 20, 2026, the U.S. Supreme Court held that "IEEPA does not authorize the President to impose tariffs" and that duties imposed under IEEPA were unlawful. *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025)).

5. The Supreme Court also confirmed that challenges to IEEPA duties fall "within the exclusive jurisdiction of" the United States Court of International Trade. *Id*. at 5. Thus, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA duties paid by importers.

6. Plaintiff seeks a full refund from Defendants of all IEEPA duties that Plaintiff has paid to the United States, with lawfully required interest.

**PARTIES**

7. Plaintiff is a U.S. importer of products on which IEEPA duties were paid.

8. Defendant United States Customs and Border Protection ("CBP") is responsible for collecting duties on imports, including IEEPA duties paid by Plaintiff.

9. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

10. Defendant United States received the disputed IEEPA duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

11. Defendants are collectively referred to in this Complaint as "Defendants."

**JURISDICTION**

12. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1581(i). *See Learning Resources*, slip op. at 5, n.1.

13. The Court has the same powers at law and in equity as a United States district court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief. 28 U.S.C. §§ 2643(a)(1), (c)(1).

**STANDING**

14. Plaintiff has standing to sue because it imported products on which Defendants imposed IEEPA duties, and Plaintiff, as importer of record, paid those duties. Thus, Plaintiff was

adversely affected by Defendants' actions, and a refund order from this Court would redress this harm. 28 U.S.C. § 2631(i).

## TIMELINESS

15. Actions brought in this Court under 28 U.S.C. § 1581(i) must be commenced "within two years after the cause of action first accrues." 28 U.S.C. 2636(i). Since the first executive order for IEEPA tariffs was less than two years ago (February 2025), this action is timely commenced.

## GENERAL PLEADINGS

### I. Executive Orders Claiming IEEPA Authority

16. On February 1, 2025, the President issued three executive orders imposing tariffs on imports from Canada, Mexico, and China.[1] Each order claimed IEEPA authority. The President later modified the order on imports from China.[2]

17. On April 2, 2025, the President issued an executive order to impose "reciprocal" tariffs under IEEPA on most imported merchandise.[3] The President later modified this order.[4]

18. On July 30, 2025 and August 6, 2025, the President issued executive orders that

---

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

[2] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025); Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

[3] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

[4] *See, e.g.,* Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 8, 2025); Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 9, 2025).

imposed additional IEEPA duties on products of Brazil and India.[5] The President later modified the order impacting products of Brazil.[6]

19. Through these executive orders, Defendants directed changes to the Harmonized Tariff Schedule of the United States ("HTSUS"), requiring goods subject to the challenged tariffs to be entered under new tariff codes within chapter 99 of the HTSUS.

20. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, No. 25-cv-00066 (Dkt. 2). This Court held that the orders were unlawful, and the Federal Circuit, sitting *en banc*, affirmed. The Federal Circuit's decision was affirmed by the Supreme Court on February 20, 2026.

21. The President, invoking IEEPA, has issued additional executive orders imposing additional IEEPA duties and modifying others. As explained above and below, IEEPA does not authorize the President to impose tariffs. By this Complaint, Plaintiff challenges all those orders (the "IEEPA Tariff Orders") that affect the duty rates on goods that Plaintiff imports and pursuant to which Plaintiff has paid IEEPA duties (thus causing Plaintiff injury), and which the Supreme Court already has held are unlawful.

## II. CBP Implementation of IEEPA Executive Orders

22. CBP is charged with the assessment and collection of duties. 19 U.S.C. §§ 1500, 1502.

23. When products enter the United States, CBP is responsible for assessing and collecting any tariffs, including IEEPA duties, on the imported products based upon the tariff classification of the goods, and according to the rates established by the HTSUS. 19 U.S.C. §§ 1202, 1500, 1502.

---

[5] Exec. Order No. 14323, *Addressing Threats to the United States by the Government of Brazil*, 90 Fed. Reg. 37,739 (July 30, 2025); Exec. Order No. 14329, *Addressing Threats to the United States by the Government of the Russian Federation*, 90 Fed. Reg. 38,701 (Aug. 6, 2025).

[6] Exec. Order No. 14361, *Modifying the Scope of Tariffs on the Government of Brazil*, 90 Fed, Reg. 54,467 (Nov. 20, 2025).

24. "'Liquidation' means the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1.

25. Upon entry of products, the importer of record pays estimated duty. 19 U.S.C. § 1484. CBP has the opportunity to review the declaration, and CBP then fixes the final appraisement of value, classification, duty rate, and amount of duty. 19 U.S.C. § 1500.

26. Once the final amount of duty is determined by CBP, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. *Id.*

27. After liquidation, an importer of record has 180 days to file a protest contesting the liquidation. 19 U.S.C. § 1514(a).[7] CBP can also voluntarily reliquidate an entry within 90 days of liquidation. 19 U.S.C. § 1501.

28. In *AGS Co. Automotive Sol. v. U.S. Customs and Border Protection, et. al.*, No. 25-00255, Slip Op. 25-154 (Ct. Int'l Trade Dec. 15, 2025) ("*AGS*"), a three-judge panel of this Court confirmed the Court's authority to reliquidate entries subject to IEEPA duties. The government also has represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al.*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025).[8]

**III. Supreme Court Ruling that IEEPA Does Not Confer Tariff Authority**

29. On May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiffs in *V.O.S. Selections*, holding that IEEPA did not authorize assessment of IEEPA

---

[7] A CBP liquidation is not protestable when CBP acts in a ministerial capacity, such as when it liquidates antidumping or countervailing duties. *See Mitsubishi Elecs. Am. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994).

[8] *See also Strato Technology Solutions, LLC v. United States et al,* No. 25-322, ECF No. 14 at 4 (Ct. Int'l Trade), in which the government stated that "defendants have made very clear— both in this case and in related cases—that they will not object to the Court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful."

duties. This Court permanently enjoined the government from enforcing IEEPA duties at issue in that case. The government appealed. On appeal, the Federal Circuit stayed this Court's decision. Sitting *en banc*, the Federal Circuit issued its decision on August 29, 2025, affirming this Court's decision that IEEPA duties are unlawful. *See V.O.S. Selections*.

30. In a separate lawsuit filed by a different group of importers, the U.S. District Court for the District of Columbia also held that IEEPA does not authorize tariffs. *See Learning Resources*. The government appealed to the Court of Appeals for the D.C. Circuit, but before the D.C. Circuit held argument, the United States Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources* and consolidated the cases.

31. On February 20, 2026, the Supreme Court issued its opinion in both cases, holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources*, slip op. at 20.

**IV. Ongoing IEEPA Refund Litigation**

32. On April 20, 2026, CBP activated Phase 1 of its Consolidated Administration and Processing of Entries ("CAPE") system in its Automated Commercial Environment to process refunds for specified unliquidated entries and specified entries liquidated 80 or fewer days.[9] On June 29, 2026, CBP activated Phase 2 of CAPE, which accepted additional categories of entries (still only unliquidated or not finally liquidated) for refund processing.[10] CBP has stated that it is developing future CAPE phases, to include functionality for refunds on entries for which liquidation is final.[11]

33. On July 15, 2026, this Court issued an order, in a related action, stating: "In

[9] CBP CSMS No. 68396594, *AVAILABLE NOW – Consolidated Administration and Processing of Entries (CAPE) for IEEPA Refunds* (Apr. 20, 2026).
[10] CBP CSMS No. 69035485, *UPDATE – Consolidated Administration and Processing of Entries (CAPE) for IEEPA Refunds - Entries Flagged for Reconciliation* (June 23, 2026).
[11] *See* CBP's *International Emergency Economic Powers Act (IEEPA) Duty Refunds* website, *available at* https://www.cbp.gov/trade/programs-administration/trade-remedies/ieepa-duty-refunds (last visited July 23, 2026).

connection with the anticipated launch of CAPE Phase 3, development of which is ongoing, this Court entered an order that directs Customs to liquidate certain finally liquidated entries in accordance with a procedure that will be outlined in the order" in each of the approximately 3,700 pending IEEPA cases assigned to the Court. *Euro-Notions Florida, Inc. v. U.S. Customs and Border Protection, et. al.*, No. 25-595, ECF No. 46 at 2 (Ct. Int'l Trade July 15, 2026).

34. The Court has begun to issue these orders. *See Princess Awesome, LLC,* ECF No. 25 (noting the government's position that a court order would be necessary to give CBP authority to reliquidate finally liquidated entries and stating that the Court's order provides that legal authority). *See also Luxury Brands Holdings Inc. v. United States*, No. 26-219, ECF No. 10 (Ct. Int'l Trade July 21, 2026).

35. There is no distinction between the claims raised in the 3,700 above-reference cases and the claims raised by Plaintiff here.

**V. Plaintiff's Payment of IEEPA Duties**

36. Plaintiff filed entries subject to IEEPA duties and reported the HTSUS codes implemented and administered by CBP.

37. As of the date of this Complaint, Plaintiff has paid IEEPA duties imposed by the IEEPA Tariff Orders, and CBP has not refunded to Plaintiff the IEEPA duties paid, including duty on finally liquidated entries.

## STATEMENT OF CLAIMS

38. Plaintiff incorporates paragraphs 1-37 above by reference.

39. In *Learning Resources*, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026), and therefore the executive orders imposing IEEPA tariffs were *ultra vires*.

40. Due process requires that Defendant refund the IEEPA tariffs that Plaintiff has deposited and that Defendant has unlawfully collected. *See McKesson Corp. v. Div. of Alcoholic*

*Beverages & Tobacco*, 496 U.S. 18, 36–39 (1990).

41. Indeed, Defendant confirmed that it "would not oppose the Court's authority to order reliquidation of entries of merchandise subject to the" IEEPA tariffs to avoid an injunction of liquidation. *Princess Awesome*, Joint Stipulation ¶ 2, ECF No. 17 (Ct. Int'l Trade May 28, 2025).

42. Because of these representations in court filings made to obtain and avoid judicial intervention, Defendant is judicially estopped from contesting this Court's authority to order IEEPA refunds. *AGS*, at 5.

43. Plaintiff is entitled to a refund of the IEEPA tariffs that it paid to CBP.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

a) Order that CBP shall liquidate or reliquidate without IEEPA duty any of Plaintiff's entries that, as of the date of the Order, are unliquidated or have been previously liquidated with an assessment of IEEPA duties; and

b) Order that CBP shall refund to Plaintiff, with interest, all IEEPA duties collected from Plaintiff on Plaintiff's entries that are (i) unliquidated, (ii) not finally liquidated, and/or (iii) finally liquidated; and

c) Grant Plaintiff such further relief as this Court deems appropriate.

Respectfully submitted,

*/s/ BJ (Bobbi Jo) Shannon*

BJ Shannon

BERLINER CORCORAN & ROWE LLP
1101 17th Street NW, Suite 1100
Washington, DC 20036
BJShannon@bcrlaw.com
202-293-1074
*Counsel for Plaintiff*

September 4, 2026